# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| IN RE ALLISON V. CHILDS<br>LARRY EALY [POA], : <br> : <br> Petitioner(s), : <br> : <br>vs. : <br> : <br>SHERIFF ROB STRECK, : <br> : <br> Respondent. : | Case No. 3:22-cv-00259<br><br>District Judge Michael J. Newman<br>Magistrate Judge Caroline H. Gentry |

## REPORT AND RECOMMENDATION

This case was instituted by a "Petition for a Writ of Habeas Corpus Recursode Amparo For a Person Not Charged With Capital Punishment" filed in this Court. (Doc. 1). The Petition, in the form of a three-page motion, appeared to have been filed by Larry Ealy on behalf of Allison V. Childs, who was at the time detained in the Montgomery County Jail awaiting trial. (Doc. 1). Ealy asserted he was a "POA" or power of attorney for Childs. (Doc. 1, PageID 1, 3). The Petition appeared to have been signed by Ealy on Childs' behalf. (Doc. 1, PageID 3). Among other issues, it was unclear whether the Petition was intended as a habeas corpus petition under 28 U.S.C. § 2241 or a civil rights complaint under 42 U.S.C. § 1983.

On October 6, 2022, the undersigned Magistrate Judge issued a lengthy Show Cause Order, requiring a response by November 7, 2022. (Doc. 3). The Show Cause Order summarized the preliminary issues with the Petition as follows:

> For this matter to proceed, these several issues must be addressed.
>
> **FIRST**, Ealy must demonstrate his authority for filing on Childs' behalf, and must show cause why this action should not be dismissed under the Court's prohibitory injunction [against him]. In the alternative, if Ealy is unable to do so, Childs must

herself sign the appropriate instituting document and proceed on her own behalf without Ealy. Childs may also proceed through counsel.

**SECOND**, assuming the issues in the previous paragraph can be satisfactorily addressed, the following matters must also be addressed.

1. If Childs/Ealy wishes to proceed with a § 2241 [Habeas Corpus] Petition, he or she must submit the claim on the Standard Form. They must also show cause why the § 2241 claim should not be dismissed because it seeks relief that is unavailable, does not present extraordinary circumstances, and is unexhausted.

2. If Childs/Ealy wishes to proceed with a § 1983 Complaint, he or she must pay [the remaining filing fee of] $397, or Childs must seek leave to proceed *in forma pauperis* and without prepayment of fees consistent with the Prison Litigation Reform Act.

Childs and/or Ealy must address these issues **WITHIN THIRTY DAYS OF THE DATE OF THIS ORDER.** If no response is filed, this matter will be dismissed for failure to prosecute and/or for the reasons outlined above.

(Doc. 3, PageID 17-18). The Court sent the Show Cause Order to Ealy again on January 3, 2023, and extended the time in which to respond to January 31, 2023. (*See* Doc. 5). To date, there has been no response and no other action has been taken in the case.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted). Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b); *see also* Rule 12, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Here, the person(s) who initiated this action were specifically warned that they must respond to the Court's Show Cause

Order or the matter would be dismissed.  (Doc. 3, PageID 18).  As they have failed to do so, the Undersigned **RECOMMENDS** that the Court **DISMISS** this action for failure to prosecute.

### NOTICE REGARDING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof.  Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court.  All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections.  The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made.  Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

February 6, 2023                                          */s/ Caroline H. Gentry*
                                                                         Caroline H. Gentry
                                                                         UNITED STATES MAGISTRATE JUDGE